TEACHERS RETIREMENT SYSTEM — RELATION TO PAYMENTS TO TAX — SHELTERED ANNUITY PLAN The regular contributions under the provisions of 70 O.S. 17-108 [70-17-108](1)(a) (1970) are to be made on the basis of a percentage of the total "earnable compensation" of the teacher prior to reduction for voluntary payment into tax-sheltered annuity plans. The individual teacher may pay into the Teachers Retirement System the amount of money which by error of her "employer" was not deducted and paid into the Teachers Retirement System, thus giving the teacher all the benefits to which she would have otherwise been entitled. There is no provision for the payment of the interest which the contributions referred to above would have earned had it been on deposit with the Teachers Retirement System. There is no distinction in the law with respect to an individual teacher who has already retired and for whom reserves have already been calculated. We have considered your request for an opinion in which you asked the following questions. 1. "Can a teacher who made reduced contributions to the Teachers Retirement System of Oklahoma on the basis of a total annual salary as reduced by contributions to a tax-sheltered annuity program as provided for in Section 26 U.S.C.A. 403(b) of the Internal Revenue Code pay into the Teachers Retirement System the additional amount which they would have paid had contributions been based upon the full annual salary prior to said reduction. 2. "If the above question is answered in the affirmative, should the individual teacher be charged for the amount of money said contributions would have earned in interest had they been made when appropriate." 3. "Are the above answers the same after the particular teacher has retired and reserves have been calculated." Although it would appear from the Internal Revenue Code that the payments into the tax-sheltered annuity plan actually reduce the annual salary of the individual teacher, we are of the opinion that the intent of the Legislature in 70 O.S. 17-108 [70-17-108] (1970) was to provide that the deduction from the salary be paid into Teachers Retirement was to be a percentage of the teacher's salary prior to reduction by payments into the tax-sheltered annuity plan. Subsection (1)(a) provides that percentage deduction shall be "five percent (5%) of his earnable compensation". The term "earnable compensation" is defined as follows in 70 O.S. 17-105 [70-17-105](15) (1970): " 'Earnable compensation' shall mean the full rate of the compensation that would be payable to a member if he worked the full normal working time." This obviously has a broader meaning than language such as "annual salary", but is not sufficiently broad to show Legislative intent to provide the basis for percentage deduction to the Teacher Retirement System from the teacher's salary prior to deduction of contributions to a tax-sheltered annuity plan. However, 70 O.S. 17-108 [70-17-108](8)(a) (1970) in providing: "Any member may make additional direct deposits or request prior to the first pay period of the current school year that his employer make additional deposits for him, for tax-sheltered annuity purposes." shows that the Legislature intended the deduction and payment to the tax-sheltered annuity plan as a payment into the Teachers Retirement System above and beyond that which would normally be involuntarily contributed to the Teachers Retirement System. It is therefore our opinion that the individual teacher should have paid into the retirement system the appropriate percentage of "her earnable compensation" prior to reduction for payment into a tax sheltered annuity plan. Under the provisions of 70 O.S. 17-108 [70-17-108](1)(a) (1970) it was the duty of the "employer" (Board of Education) to deduct the appropriate percentage of earnable compensation as defined above. Under the provisions of 70 O.S. 17-110 [70-17-110] (1970), it is our opinion that such error in deductions can be corrected by contributions by the teacher. Section 17-110 provides in part: "Should any change or error in the records result in any member or beneficiary receiving from the retirement system more or less than he would have been entitled to receive had the records been correct, the Board of Trustees shall correct such error, and so far as practicable, shall adjust the payment in such a manner that the actuarial equivalent of the benefit to which such member or beneficiary was correctly entitled shall be paid, and to take from the Interest Fund sufficient to reimburse the Fund where an overpayment had already been made, and any such overpayment recovered from the member shall be placed in the interest fund." These provisions along with the general common law that any error may be corrected unless otherwise prohibited by law, is sufficient authority for the Board of Trustees to receive the appropriate payments from the affected teachers and to adjust the records accordingly. It would not appear that the teacher would be required to pay any more than would actually have been deducted and would not be charged any interest for the years during which such amount would have been on deposit with the Teachers Retirement Fund. Not only was the teacher absent of fault with respect to the error in the amount of deduction, it would appear that the intent of 70 O.S. 17-110 [70-17-110] (1970) is that the interest fund is to bear the expense of the "employer's" error. We find nothing in the School Code which would change our above conclusion in the situation where the teacher has already retired and reserves have been calculated. It is therefore the opinion of the Attorney General that the regular contributions under the provisions of 70 O.S. 17-108 [70-17-108](1)(a) (1970) are to be made on the basis of a percentage of the total "earnable compensation" of the teacher prior to reduction for voluntary payment into tax-sheltered annuity plans. It is further the opinion of the Attorney General that your first question be answered in the affirmative in that the individual teacher may pay into the Teachers Retirement System the amount of money which by error of her "employer" was not deducted and paid into the Teachers Retirement System, thus giving the teacher all the benefits to which she would have otherwise been entitled. It is further the opinion of the Attorney General that your second question be answered in the negative, there being no provision for the payment of the interest which the contributions referred to in Question No. 1 would have earned had it been on deposit with the Teachers Retirement System. It is further the opinion of the Attorney General that your third question be answered in the affirmative in that we find no distinction in the law with respect to an individual teacher who has already retired and for whom reserves have already been calculated. * Gary Bush) ** SEE: OPINION NO. 93-664 (1993) ** ** SEE: OPINION NO. 79-264 (1979) ** ** SEE: OPINION NO. 80-239 (1980) **